IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SEMINOLE ELECTRIC COOPERATIVE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. |
| ) | |
| DERRELL J. CHAMBLEE; CAC LEASING, INC., ) | 00-C-1645-S |
| JEFFERSON SCREENING, INC., BLACK CREEK ) | |
| LAND & MINERAL, INC.; LAGUNA RESOURCES ) | |
| INC.; WALKER LAND & MINERAL, INC.; and ) | |
| COLONIAL BANK, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
**GRANTING MOTIONS TO DISMISS**

Defendants Derrell J. Chamblee ("Chamblee"), CAC Leasing, Inc. ("CAC"), Jefferson Screening, Inc., Black Creek Land & Mineral, Inc. ("Black Creek"), Laguna Resources, Inc. ("Laguna"), Walker Land & Mineral, Inc. ("Walker Land"), and Colonial Bank ("Colonial") have moved to dismiss the complaint of Plaintiff Seminole Electric Cooperative, Inc. ("Seminole"). The motions are due to be granted because Plaintiff has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. ("Rule") 22, the Interpleader Rule. Alternatively, the Court will abstain from exercising its jurisdiction in this case.

1

35

I. Background

This case was filed in this Court as a Rule 22 Interpleader action on June 14, 2000. It is based on two lawsuits pending in the Circuit Court of Walker County, Alabama ("Circuit Court").

In December of 1997, Seminole, a Florida corporation, contracted with Jefferson Screening, a coal brokerage owned by Chamblee, to purchase 30,000 tons of coal per month from Jefferson Screening, beginning in January of 1998 and continuing through December of 1998. In turn, Jefferson Screening contracted to purchase 10,000 tons of coal per month from Laguna and 20,000 tons each month from Black Creek in order to meet its obligations under its contract with Seminole.

Colonial loaned working capital to Jefferson Screening, Laguna, and Black Creek to facilitate the contracts. Chamblee owns and/or controls Laguna, Black Creek, CAC Leasing, and Walker Land.

Jefferson Screening stockpiled the coal, required by its contract with Seminole, acquired from Laguna and Black Creek. However, Seminole never purchased any of the coal. Predictably, litigation ensued. On August 28, 1998, Laguna sued Jefferson Screening in Circuit Court for the purchase price of the coal it had delivered. Jefferson Screening duly answered Laguna's complaint and, along with Black Creek, filed a third party fraud complaint against Seminole in Circuit Court on October 19, 1998. Laguna then amended its complaint to add a third-party fraud claim against Seminole.

Seminole sought to have the case transferred to Hillsborough County, Florida (its

headquarters) pursuant to a forum selection clause in its contract with Jefferson Screening. The Circuit Court found the forum selection clause to be inapplicable, and it ordered Seminole to answer the complaint. Seminole filed its answer, but it sought a writ of mandamus from the Alabama Supreme Court directing the Circuit Court to transfer the case to Florida. On May 12, 2000, the Alabama Supreme Court denied Seminole's petition.

On May 3, 2000, Colonial sued Jefferson Screening, Laguna, and Black Creek in Circuit Court to recover the working capital it had advanced to them. It included in that lawsuit claims against Chamblee and his other companies for defaulted loans, as well as a third-party fraud claim against Seminole. In its answer to the Colonial complaint, Seminole raised the same contract defenses it now asserts in this Interpleader action.

All of these lawsuits have now been consolidated and are awaiting trial in the Walker County Circuit Court. Seminole never sought to remove either of the cases to this Court. Seminole's instant Complaint for Interpleader and Other Relief is based on the two cases.

## II. The Interpleader Claim

### A. Rule 22's Requirements

The Interpleader Rule provides that "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." FED. R. CIV. P. 22(1).

To invoke the Interpleader Rule, there must be either federal question jurisdiction

or complete diversity of citizenship between the plaintiff-stakeholder and the defendants-claimants. WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1710 (3d ed. 2001); *Aetna Life & Cas. Co. v. Spain*, 556 F.2d 747 (5th Cir. 1977); *Travelers Ins. Co. v. First Nat. Bank of Shreveport*, 675 F.2d 633 (5th Cir. 1982). The plaintiff must be a neutral, disinterested stakeholder. *See Alfa Fin. Corp. v. Key*, 927 F. Supp. 423, 428 (M.D. Ala. 1996) (citing *Farmer's Elevator Mut. Ins. Co. v. Jewett*, 394 F.2d 896, 898 (10th Cir. 1968)). The claims of two or more of the defendants-claimants must be adverse to each other and the claims must be directed against a single, identifiable, limited fund. WRIGHT, MILLER & KANE § 1705; *General Elec. Credit Corp. v. Grubbs*, 447 F.2d 286, 288 (5th Cir. 1971), *rev'd on other grounds*, 405 U.S. 699 (1972). Interpleader is appropriate only where the double or multiple liability complained of by a plaintiff is "unjustifiable because the plaintiff has but a single obligation." *See Bradley v. Kochenash*, 44 F.3d 166 (2d Cir. 1995)

## B. Analysis

Seminole's well-pleaded complaint fails to state a claim under the Interpleader Rule for three reasons.

First, Seminole is not a *neutral* stakeholder seeking to shield itself from liability for paying over the "stake" to the wrong party. According to Seminole, there is no "stake;" it is not liable to any of the Defendants. And assuming, *arguendo*, the existence of a stake, Seminole certainly is not neutral. Its interests lie at the very heart of the pending state court litigation. Its status as a defendant in those cases is the anthesis of

neutrality and disinterest.

Second, the claims of the Defendants against Seminole in the state court cases are not adverse to each other, and there is no allegation of a limited fund insufficient to satisfy all of the claims. Each of the Defendants claims that it suffered damages as a result of Seminole's alleged fraud and misrepresentations. Rather than conflict, these claims complement each other. Seminole has not represented to the Court that its assets are insufficient to satisfy all judgments that may be rendered against it on the separate claims.

Finally, Seminole does not allege that it has only a single liability, but that it is subject to double or multiple liability. The lack of the assertion of single liability is fatal to Seminole's Interpleader action.

### III. Abstention

In any event, the Court will exercise its discretion to abstain from hearing this case.

Seminole asks this court to usurp, by way of a Declaratory Judgment and Injunction, the *ongoing state court proceedings*. Indeed, the cases have been set for trial in Walker County. Seminole is free to raise all the defenses and arguments in the Circuit Court that it has asserted in this Court. In an era when concerns of federalism dominate the mindset of a 5-4 majority of the United States Supreme Court, this Court must respectfully decline Seminole's invitation to offend the sovereignty of its counterpart state court by questioning the authority or competence of that court to fully adjudicate all

issues raised by Seminole. *See Ven-Fuel, Inc. v. Dept. of the Treasury,* 673 F.2d 1194, 1195 (11th Cir. 1982); *Boston Old Colony Ins. Co. v. Balbin,* 591 F.2d 1040 (5th Cir. 1979). Abstention is required.

## Conclusion

By separate order, the Court will grant Defendants' motions to dismiss the complaint, and the case will be dismissed, without prejudice.

Done this 30th day of March, 2001.

Chief United States District Judge
U.W. Clemon